# SUPPLEMENTAL COMPLAINT EXHIBIT: PROOF OF ADMINISTRATIVE EXHAUSTION & MARSY'S LAW DENIAL

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION**

**TODD NEIBARGER,**
**Plaintiff,**
**v.**
**BOBBIE COTTERMAN, et al.,**
**Defendants.**

FILED
RICHARD W. NAGEL
CLERK OF COURT
2026 SEP 29 PM 1:42
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**Case No.: 2:26-cv-1131**
**Judge: Assigned Federal Judge**

---

## SUPPLEMENTAL ALLEGATIONS REGARDING LOCAL ADMINISTRATIVE EXHAUSTION AND MARSY'S LAW DENIAL

Plaintiff Todd Neibarger, appearing *pro se*, hereby supplements his Civil Rights Complaint pursuant to Federal Rule of Civil Procedure 15(d) to incorporate the following contemporaneous record of local administrative exhaustion, denial of crime victim rights, and refusal of investigative intervention by the Licking County Prosecutor's Office (LCPO).

## I. FACTUAL SUPPLEMENT: EXHAUSTION OF STATE REMEDIES & MARSY'S LAW REFUSAL

1. On September 24, 2026, Plaintiff hand-delivered a comprehensive supplemental evidentiary record, culpability audit, and formal victim rights notice to the Licking County Prosecutor's Office – Victim Witness Division (Director Mark Weiner and Prosecutor Jenny Wells), invoking constitutional

protections under Marsy's Law (Ohio Const. Art. I, § 10a) and documenting active state felonies including perjury, falsification, and USPS mail fraud (18 U.S.C. § 1341).

2. On September 25, 2026, Assistant Prosecutor Zach West (Civil Division) formally responded on behalf of the LCPO. Assistant Prosecutor West explicitly stated that the LCPO "does not investigate alleged crimes," characterized the unlawful seizure of Plaintiff's federally subsidized Section 8 housing asset and medical equipment as mere "civil litigation," and refused to initiate investigative action or enforce victim-witness protections.
3. On September 25, 2026, Plaintiff served a formal written reply clarifying that his notice constituted an assertion of constitutional rights under Marsy's Law based on *prima facie* documentary evidence (including the official USPS Move Validation Notice dated September 18, 2026), and directly asked whether the LCPO officially refused to refer the documented crimes. The LCPO failed and refused to reply, completing a final administrative denial of local remedies.

## II. INCORPORATION INTO FEDERAL CLAIMS

4. This documented refusal by county authorities directly substantiates Plaintiff's Section 1983 claims regarding the breakdown of local due process, equal protection, and state-level administrative complicity in insulating the underlying fraudulent *ex parte* order.
5. This complete email exchange is appended hereto as **Exhibit A** in support of Plaintiff's Emergency Motion for TRO and master Complaint.

**Respectfully submitted,**

Date: September 28, 2026

/s/ Todd Neibarger

**Todd Neibarger, Plaintiff Pro Se**
25 Weston Road, Apartment A
Newark, Ohio 43055
Phone: 740-281-7558
Email: tneibarger0369@gmail.com

---

## EXHIBIT A: THE LCPO EMAIL EXCHANGE (SEPTEMBER 24–25, 2026)

**From: West, Zach ZWest@lickingcounty.gov**
**Date: Fri, Sep 25, 2026 at 11:57 AM**
**To: tneibarger0369@gmail.com**
**Subject: September 24, 2026 correspondence to the Licking County Prosecutor's Office**

Mr. Neibarger,
Mark Weiner forwarded me your correspondence dated September 24, 2026.

In your letter, you state that you have evidence of criminal activity. The Licking County Prosecutor's Office ("LCPO") does not investigate alleged crimes. If you believe a crime has been committed, you should contact the relevant law enforcement agency and file a report so that that agency may investigate and, if appropriate, refer the case to our office for review and potential prosecution.

It appears that most of your letter deals with your pending domestic relations case(s). LCPO represents county agencies and officeholders in their official capacity; it cannot represent private individuals in civil litigation. If you want a lawyer and cannot afford one, you may want to contact the Legal Aid Society of Southeast and Central Ohio to see if you qualify for free or reduced fee representation, or if they can recommend any other organizations who do provide representation.

Sincerely,
Zach West
Assistant Prosecutor, Civil Division
Licking County Prosecutor's Office

---

**From: Todd Neibarger tneibarger0369@gmail.com**
**Date: Fri, Sep 25, 2026 at 12:38 PM**
**To: Zach West ZWest@lickingcounty.gov**

Mr. West,
I am in receipt of your email dated September 25, 2026, wherein you stated that the Licking County Prosecutor's Office (LCPO) "does not investigate alleged crimes," labeled the theft of my federally subsidized Section 8 housing asset as "civil litigation," and instructed me to contact Legal Aid.

As you are aware, my previous correspondence served as my formal assertion of my constitutional rights as a crime victim under Marsy's Law (Ohio Const. Art. I, § 10a). Under Ohio law, these constitutional victim rights attach at the time of the victimization, not merely post-indictment.

The documents I provided to your office—specifically the sworn file-stamped court records combined with the official USPS Move Validation Notice dated September 18, 2026—constitute *prima facie* evidence of federal Mail Fraud (18 U.S.C. § 1341) and state-level Perjury and Falsification (R.C. 2921.11 / R.C. 2921.13) perpetrated to execute an illegal property conversion of a HUD asset.

Because the LCPO represents the county agencies and officials currently enforcing this fraudulently obtained order, your office possesses the legal duty to evaluate the verifiable fraud underlying it. Consequently, I am asking you to clarify the LCPO's official position for the record by answering two direct questions:

1. Does the Licking County Prosecutor's Office formally acknowledge receipt of my assertion of rights under Ohio Const. Art. I, § 10a(B)?
2. Does the LCPO officially refuse to refer these documented allegations of perjury, falsification, and federal program fraud for investigation, thereby completing a formal denial of my Marsy's Law rights to proceedings free from unreasonable delay and protection from the accused?

If I do not receive a response, or if your office continues to refuse to act on the provided evidence, I will accept that as a formal, final denial of my constitutional rights under Marsy's Law. This email chain will then be appended as Exhibit A to my federal complaints with the HUD Office of Inspector General, the U.S. Postal Inspection Service, the HHS Office for Civil Rights, and as supplemental evidence of state-level exhaustion in U.S. District Court (Case No. 2:26-cv-1131).

I await your clarification.

Sincerely,
Todd E. Neibarger
25 Weston Rd, Apt A, Newark, Ohio 43055
tneibarger0369@gmail.com

Gmail **Todd Neibarger <tneibarger0369@gmail.com>**

---

## September 24, 2026 correspondence to the Licking County Prosecutor's Office

---

**West, Zach** <ZWest@lickingcounty.gov> Fri, Sep 25, 2026 at 11:57 AM
To: "tneibarger0369@gmail.com" <tneibarger0369@gmail.com>

Mr. Neibarger,

Mark Weiner forwarded me your correspondence dated September 24, 2026.

In your letter, you state that you have evidence of criminal activity. The Licking County Prosecutor's Office ("LCPO") does not investigate alleged crimes. If you believe a crime has been committed, you should contact the relevant law enforcement agency and file a report so that that agency may investigate and, if appropriate, refer the case to our office for review and potential prosecution.

It appears that most of your letter deals with your pending domestic relations case(s). LCPO represents county agencies and officeholders in their official capacity; it cannot represent private individuals in civil litigation. If you want a lawyer and cannot afford one, you may want to contact the Legal Aid Society of Southeast and Central Ohio to see if you qualify for free or reduced fee representation, or if they can recommend any other organizations who do provide representation.

Sincerely,

Zach West

Assistant Prosecutor, Civil Division

Licking County Prosecutor's Office

65 E. Main Street, 3rd Floor

Newark, OH 43055

(740) 670-5255

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

Gmail

Todd Neibarger <tneibarger0369@gmail.com>

**September 24, 2026 correspondence to the Licking County Prosecutor's Office**

**Todd Neibarger** <tneibarger0369@gmail.com>
To: Zach West <ZWest@lickingcounty.gov>

Fri, Sep 25, 2026 at 12:37 PM

**Mr. West,**
**I am in receipt of your email dated September 25, 2026, wherein you stated that the Licking County Prosecutor's Office (LCPO) "does not investigate alleged crimes," labeled the theft of my federally subsidized Section 8 housing asset as "civil litigation," and instructed me to contact Legal Aid.**
**As you are aware, my previous correspondence served as my formal assertion of my constitutional rights as a crime victim under Marsy's Law (Ohio Const. Art. I, § 10a). Under Ohio law, these constitutional victim rights attach at the time of the victimization, not merely post-indictment.**
**The documents I provided to your office—specifically the sworn file-stamped court records combined with the official USPS Move Validation Notice dated September 18, 2026—constitute *prima facie* evidence of federal Mail Fraud (18 U.S.C. § 1341) and state-level Perjury and Falsification (R.C. 2921.11 / R.C. 2921.13) perpetrated to execute an illegal property conversion of a HUD asset.**

**Because the LCPO represents the county agencies and officials currently enforcing this fraudulently obtained order, your office possesses the legal duty to evaluate the verifiable fraud underlying it. Consequently, I am asking you to clarify the LCPO's official position for the record by answering two direct questions:**

1. **Does the Licking County Prosecutor's Office formally acknowledge receipt of my assertion of rights under Ohio Const. Art. I, § 10a(B)?**
2. **Does the LCPO officially refuse to refer these documented allegations of perjury, falsification, and federal program fraud for investigation, thereby completing a formal denial of my Marsy's Law rights to proceedings free from unreasonable delay and protection from the accused?**

**If I do not receive a response, or if your office continues to refuse to act on the provided evidence, I will accept that as a formal, final denial of my constitutional rights under Marsy's Law. This email chain will then be appended as Exhibit A to my federal complaints with the HUD Office of Inspector General, the U.S. Postal Inspection Service, the HHS Office for Civil Rights, and as supplemental evidence of state-level exhaustion in U.S. District Court (Case No. 2:26-cv-1131).**

**I await your clarification.**

**Sincerely,**

**Todd E. Neibarger**

***25 Weston Rd, Apt A, Newark, Ohio 43055***

***tneibarger0369@gmail.com***

Todd Neibarger

[Quoted text hidden]